FILED IN CHAMBERS
U.S.D.C. - Atlanta

DEC 2 2 2009

JAMES N. HATTEN, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MAID OF THE MIST CORPORATION and MAID OF THE MIST STEAMBOAT COMPANY, LTD.,

Plaintiffs

v.

ALCATRAZ MEDIA, LLC, ALCATRAZ MEDIA, INC., and WILLIAM M. WINDSOR,

Defendants

CIVIL ACTION NO.
1:06-CV-0714-ODE

ORDER

This closed civil case comes before the Court on sixty-two post-judgment motions filed by Defendant William M. Windsor ("Windsor"), acting pro se, as follows:

- May 22, 2009: one motion [Doc. 387];
- June 4, 2009: nine motions [Doc. 393, 395, 396, 398, 400, 402, 404, 406, 408];
- June 10, 2009: two motions [Doc. 412 & 414];
- June 15, 2009: one motion [Doc. 416];
- July 10, 2009: one motion [Doc. 456];
- July 14, 2009: one motion [Doc. 460];
- July 16, 2009: five motions [Doc. 464, 466, 468, 470, 472];
- August 3, 2009: one motion [Doc. 484];
- August 4, 2009: three motions [Doc. 486, 488, 490];
- August 7, 2009: one motion [Doc. 493];
- August 20, 2009: three motions [Doc. 511, 513, 515];
- August 24, 2009: one motion [Doc. 528];

- September 15, 2009: one motion [Doc. 547];
- September 25, 2009: one motion [Doc. 561];
- September 28, 2009: five motions [Doc. 563, 565, 567, 569, 571];
- October 26, 2009: four motions [Doc. 590, 592, 594, 602];
- November 3, 2009: two motions [Doc. 606 & 610];
- November 13, 2009: two motions [Doc. 616 & 618];
- November 25, 2009: three motions [Doc. 631, 633, 635];
- December 8, 2009: eleven motions [Doc. 646, 649, 652, 655, 658, 661, 663, 665, 673, 675, 678];
- December 14, 2009: two motions [Doc. 690 & 692];
- December 21, 2009: two motions [Doc. 702 & 704].

In reaction, Maid of the Mist Corporation and Maid of the Mist Steamboat Company, Ltd. (collectively, "Plaintiffs") have filed the following motions:

- a "Motion for Permanent Injunction Restricting Future Filings by William M. Windsor" [Doc. 458];
- six motions to strike six of Windsor's replies in support of his substantive motions [Doc. 619-624];
- one motion to strike portions of Windsor's ninety-eighth sworn declaration [Doc. 626];
- two motions requesting leave to file motions exceeding the Local Rules' page limit, and two motions to strike two of Windsor's substantive motions [Doc. 681-684];
- one motion requesting leave to file a motion exceeding the Local Rules' page limit, one motion to strike one of Windsor's substantive motions, and four motions to

strike portions of four of Windsor's sworn declarations [Doc. 693-698];

- one motion for joinder in the undersigned's response to Windsor's motion to compel [Doc. 705].

Because Windsor's motions are not cognizable in the face of a previously entered final judgment, and the Court of Appeals has previously upheld this Court's order declining to reopen the judgment, and the motions otherwise lack merit, Windsor's motions will be DISMISSED. Plaintiffs' motions will also be DISMISSED, except for Plaintiffs' motion to enjoin Windsor from filing any future motions, pleadings, or other papers regarding this case [Doc. 458], which will be GRANTED IN PART and DENIED IN PART.

I. Procedural History

A. The Lawsuit

On August 9, 2007, the Court granted summary judgment to Plaintiffs on their claim of tortious interference with business relations against Alcatraz Media, LLC, Alcatraz Media, Inc., and William M. Windsor (collectively, "Defendants") [Doc. 251]. The Court granted Plaintiffs a permanent injunction that prohibited Defendants' further sale of vouchers or e-tickets for rides on Plaintiffs' boats at Niagara Falls, among other things. The Court denied Defendants' motion for summary judgment and granted summary judgment to Plaintiffs on Defendants' counterclaims. Finally, the Court held that Plaintiffs were entitled to attorneys' fees and costs under O.C.G.A. § 13-6-11, finding that Defendants had been "stubbornly litigious" as defined by that section of Georgia law.

Plaintiffs filed a motion for the entry of a separate judgment on the Court's summary judgment order [Doc. 252], which

the Court granted on October 16, 2007, the date that the clerk of court entered judgment for Plaintiffs [Doc. 280 & 281]. On December 3, in accordance with its summary judgment order, the Court awarded Plaintiffs attorneys' fees and expenses in the amount of $421,773.84 [Doc. 325].

On September 7, 2007, Defendants filed notices of appeal of the Court's summary judgment rulings and its permanent injunction order with the United States Court of Appeals for the Eleventh Circuit [Doc. 254 & 256]. On December 13, Defendants also filed notices of appeal regarding the Court's award of attorneys' fees and expenses to Plaintiffs [Doc. 328 & 329].

On September 19, 2008, the Court of Appeals affirmed the Court's grant of summary judgment to Plaintiffs, its denial of summary judgment to Defendants, and its issuance of the permanent injunction against Defendants [Doc. 344]. The Eleventh Circuit also affirmed the Court's decision to award Plaintiffs attorneys' fees and expenses under O.C.G.A. § 13-6-11, but vacated the actual award and remanded the case to this Court for reconsideration of the award with a full explanation of the amounts awarded [Doc. 344 at 8-10]. On October 28, 2008, the Court entered an order making the Eleventh Circuit's mandate its judgment [Doc. 346].

The parties later entered into a Consent Final Order and Judgment resolving all remaining claims in this case, including outstanding claims for attorneys' fees, expenses, and costs [Doc. 354]. The Consent Final Order and Judgment, signed by counsel for all parties and by Windsor personally, was entered on December 9, 2008. The parties agreed that, upon entry of the Consent Final Order and Judgment, the case was "closed[,] all issues having been

decided" [Doc. 354 at 4]. The Court "retain[ed] jurisdiction over [the] matter to enforce any violation by either party of the terms of its judgments and orders[,] including the permanent injunction against Defendants and their affiliates" [Doc. 354 at 4].

Once the Consent Final Order and Judgment was entered, Windsor began filing pro se motions seeking various forms of relief from this Court.[1] The Court entered an order on May 22, 2009 [Doc. 390] denying Windsor's pro se motions to recuse the undersigned from the case [Doc. 361], to reopen the case pursuant to Federal Rule of Civil Procedure 60(b) [Doc. 362], to impose sanctions on Plaintiffs and their attorneys pursuant to Federal Rule of Civil Procedure 37 and the Court's inherent powers [Doc. 363], and to impose sanctions on Plaintiffs' attorneys pursuant to Federal Rule of Civil Procedure 11 [Doc. 364]. The Court also dismissed as moot Windsor's pro se motion to engage in discovery in support of these denied motions [Doc. 374].[2]

On June 15, Windsor filed a pro se notice of appeal seeking review of the Court's May 22 order [Doc. 418]. On September 9, the

---

[1] Windsor also attempted to serve a pro se deposition subpoena on the undersigned. Judge William S. Duffey, Jr. initially stayed, and ultimately quashed, that subpoena by order dated June 30, 2009 [1:09-CV-1543-WSD Doc. 32].

Windsor has since filed a 499-page, 3,043-paragraph pro se complaint against the undersigned, the United States, Plaintiffs, Plaintiffs' attorneys, and other named and unnamed individuals "for relief from all orders, judgments, and the final judgment entered on December 9, 2008 in Civil Action No. 1:06-CV-0714-ODE" [1:09-CV-2027-WSD Doc. 1].

[2] On July 2, 2009, the Court issued an order [Doc. 437] dismissing as moot Windsor's pro se motion for reconsideration of the Court's dismissal of his motion for discovery [Doc. 410].

Court of Appeals dismissed Windsor's appeal sua sponte pursuant to Eleventh Circuit Rule 42-4[3] and denied Windsor's remaining motions as moot [Doc. 545].

B. The Parties' Pending Motions

After the Court of Appeals dismissed Windsor's appeal, Windsor continued filing pro se motions seeking relief from this Court.[4] Windsor has also filed a pro se "Verified Complaint of Professional Misconduct" under Local Rule 83.1(F)(2), requesting, among other things, that Plaintiffs' attorneys and the undersigned be "referred to the State Bar of Georgia" for disciplinary proceedings as well as "to the U.S. Attorney and/or the Grand Jury for further charges" [Doc. 474 at 1-2].

Plaintiffs, through counsel, have filed nineteen motions now pending before the Court. These motions are a reaction to Windsor's motions. On July 15, 2009, Plaintiffs moved for a permanent injunction restricting "Windsor and any persons acting at his behest or in concert with him . . . from filing any other pleadings in Civil Action No. 1:06-CV-0714-ODE" and "from filing in any federal court any pleadings against [Plaintiffs] and any of [their] affiliates unless (1) it involves claims not arising from the same nucleus of operative fact as those alleged in Civil

---

[3] That rule provides, "If it shall appear to the court at any time that an appeal is frivolous and entirely without merit, the appeal may be dismissed." 11TH CIR. R. 42-4.

[4] As of this Order, and excluding the Verified Complaint of Professional Misconduct, Windsor has sixty-two motions pending in this case. Consistent with Local Rule 7.1(B), Plaintiffs have thus far responded to nearly all of Windsor's motions. Windsor has filed replies.

Action No. 1:06-CV-0714-ODE and Civil Action No. 1:09-CV-1543-WSD and (2) has attached a written order from a judge of this Court confirming that the action is not frivolous" [Doc. 458 at 18-19].

On November 20, Plaintiffs filed six motions to strike reply briefs filed by Windsor in support of six of his motions for substantive relief, arguing in each that Windsor's reply briefs include "affidavits and other supporting materials" prohibited by the Local Rules [Doc. 619-624]. On November 23, Plaintiffs filed a motion to strike Windsor's second motion to modify the permanent injunction in this case, arguing that the supplemental materials attached to that motion "are replete with hearsay, speculation, opinion, innuendo, argument, conclusion, mischaracterization, misstatement, and other infirmities that render them meaningless from an evidentiary standpoint" [Doc. 626 at 2].

On December 14, Plaintiffs filed two motions requesting leave to file motions exceeding the page limit set by the Local Rules [Doc. 681 & 682] and contemporaneously filed those two motions, which request that the Court strike two of Windsor's substantive motions for relief [Doc. 683 & 684]. On December 16, Plaintiffs filed six additional motions: one for leave to file a motion exceeding the page limit set by the Local Rules [Doc. 693], one to strike one of Windsor's substantive motions [Doc. 694], and four to strike four of Windsor's replies in support of various substantive motions [Doc. 695-698]. On December 21, Plaintiffs filed a motion [Doc. 705] to join in a response submitted by the undersigned in opposition to Windsor's prior motion to compel.

## II. Discussion

### A. Windsor's Pending Motions

Because this case is a closed case, and cannot be reopened, all of Windsor's motions fail for that reason alone. Nonetheless, the Court will state below several additional reasons why the motions lack merit.

1. Motions for Hearings and Conferences

Twenty-five of Windsor's motions[5] solely request that the Court hold a hearing or conference to address contentions raised in his motions for substantive relief. However, Northern District of Georgia Local Rule 7.1(E) provides that "[m]otions will be decided by the court without oral hearing, unless a hearing is ordered by the court." The Court concludes, as it may under Local Rule 7.1(E), that Windsor's motions do not warrant an oral hearing or conference. Therefore, all of Windsor's motions requesting hearings or conferences to address issues raised in his substantive motions are DISMISSED.[6]

2. Motions Rendered Moot

Several of Windsor's motions are either untimely or have been rendered moot by prior orders of this Court or other courts.[7]

---

[5] Specifically, the motions located at Docket Numbers 395, 398, 402, 408, 414, 464, 466, 488, 490, 513, 563, 565, 590, 592, 602, 610, 616, 618, 631, 633, 663, 665, 690, 692, and 704.

[6] Because the Court has thus denied Windsor's motion for an emergency conference located at Docket Number 633, Plaintiffs' motion to strike that motion [Doc. 683] is DISMISSED AS MOOT. Having dismissed Plaintiffs' motion to strike, Plaintiffs' motion requesting leave for that motion to exceed the page limit set by the Local Rules [Doc. 681] is also DISMISSED AS MOOT.

[7] For example, still pending is a motion by Windsor [Doc. 387] for leave to file a reply brief that exceeds the page limit set by the Local Rules in support of his motion to reopen the

In its May 22 order, the Court denied Windsor's motion to recuse the undersigned from this case pursuant to 28 U.S.C. §§ 144 and 455, among other sources that Windsor invoked [Doc. 390 at 3-6]. Undeterred, Windsor has filed multiple motions seeking to recuse the undersigned by invoking those same sources anew [Doc. 406, 470, & 673]. As the May 22 order fully considered and denied Windsor's first motion for recusal, however, Windsor's subsequent motions to that same effect are DISMISSED AS MOOT.

Windsor has filed a motion seeking to compel Plaintiffs and the undersigned, pursuant to Federal Rules 34 and 37 and Local Rule 37.1, to produce documents provided to the undersigned on February 15, 2007 for an in camera inspection [Doc. 404]. The rules cited by Windsor do not apply at this post-judgment stage of the case, in which discovery ended years ago. Windsor thus may not cite those rules as authority to compel the Plaintiffs and the

---

case. As the Court denied Windsor's motion to reopen the case in its May 22 order, Windsor's motion requesting leave for his reply brief to exceed the page limit [Doc. 387] is DISMISSED.

In addition, still pending is a motion by Windsor for a one-week extension of time to file replies to twelve of Plaintiffs' responses to Windsor's substantive motions [Doc. 460]. This Order either denies or dismisses as moot those motions, and the time for the one-week extension has long since passed. Windsor's motion requesting an extension of time to file his replies to Plaintiffs' responses [Doc. 460] is DISMISSED AS MOOT.

Windsor has also filed a motion for an emergency stay of this proceeding until his motion to disqualify the undersigned from this case can be heard and ruled upon by another judge [Doc. 416]. Judge Duffey has since heard Windsor's motion and denied it as moot [1:09-CV-1543-WSD-WEJ Doc. 32]. Therefore, Windsor's motion for an emergency stay pending a ruling on his motion to disqualify the undersigned in this case [Doc. 416] is DISMISSED AS MOOT.

undersigned to disclose any documents. His motion seeking such disclosure is thus DISMISSED AS MOOT.

Several of Windsor's motions again request that the Court reopen this case pursuant to Rule 60(b) or request relief that could only be obtained were the Court to reopen the case pursuant to that Rule. For instance, Windsor twice moves the Court [Doc. 547 & 606] to modify the injunction set forth in its Order dated August 9, 2007 and deemed "in full force and effect" by the Consent Final Order and Judgment [Doc. 354 at 2]. As the Court has previously refused to reopen the case pursuant to Rule 60(b), however, the case remains closed. Windsor's motions requesting modification of the injunction [Doc. 547 & 606] are DISMISSED.

Windsor has also filed a motion to vacate the orders and judgment in this case pursuant to Rule 60(b)(5) [Doc. 567] and a motion to reopen the case and grant relief from alleged violations of his constitutional rights, based on Rule 60(b)(4) [Doc. 571]. The Court previously denied Windsor's motion to reopen the case under Rule 60(b) and will not revisit that ruling. The case remains closed, and Windsor's requested relief is unavailable. Those motions for relief dependent on reopening the case pursuant to Rule 60(b) [Doc. 567 & 571] are DISMISSED AS MOOT.

3. Remaining Motions

The Court has thus far individually addressed thirty-six of Windsor's sixty-two pending motions. The Court will now individually address each of his remaining motions, all of which stand denied.

Windsor has filed three motions seeking to set aside the judgment and reopen this case pursuant to Rule 60(b) and seeking

sanctions against three of Plaintiffs' officials: Christopher Glynn, Timothy Ruddy, and Robert Schul [Doc. 393, 396, & 400]. For the reasons that the Court stated in its May 22 order denying Windsor sanctions against Plaintiffs' attorneys under Rule 11 [Doc. 390 at 13-16]—namely, untimeliness, a lack of substantive merit, and a failure to comply with the Rule 11 "safe harbor" requirement—Windsor's motions for Rule 11 sanctions against Plaintiffs' officials are also DENIED.

In the same vein, Windsor has filed multiple motions seeking Rule 11 sanctions against Plaintiffs and Plaintiffs' counsel for their alleged misconduct in responding to Windsor's numerous post-judgment motions [Doc. 486, 493, 515, & 635]. These Rule 11 motions are all DENIED, as they entirely lack substantive merit and did not comply with the Rule 11 "safe harbor" requirement.[8] Therefore, for many of the same reasons justifying the Court's denial of Windsor's Rule 11 motion for sanctions in its May 22 order, all of Windsor's pending Rule 11 motions are also denied.

Windsor has filed multiple motions to strike Plaintiffs' responses that he argues fail to comply with the Local Rules [Doc. 456, 484, & 511]. However, the Local Rules provide that "[t]he court, *in its discretion*, may decline to consider any motion or brief that fails to conform to the requirements of [the Local Rules]." N.D. GA. R. 7.1(F) (emphasis added). Nothing in the Local

---

[8] Having denied Windsor's motion for sanctions located at Docket Number 635, Plaintiffs' motion to strike that motion [Doc. 684] is DISMISSED AS MOOT. Having dismissed Plaintiffs' motion to strike, Plaintiffs' motion requesting leave for that motion to exceed the page limit set by the Local Rules [Doc. 682] is also DISMISSED AS MOOT.

Rules or the authorities cited by Windsor mandates striking Plaintiffs' responses, even if they do not conform with the Local Rules. The Court, in its discretion, refuses to strike those responses, and Windsor's motions to strike are thus DENIED.[9]

One of Windsor's motions seeks permission from the Court to waive the requirement that the corporate-entity defendants in this action be represented by counsel, rather than by Windsor himself [Doc. 594]. "The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel." Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985). Windsor presents no compelling arguments indicating why the Court should ignore the settled rule in the Eleventh Circuit that all corporate litigants must be represented by counsel. Windsor's motion requesting leave to contravene that principle and represent the corporate-entity defendants himself [Doc. 594] is DENIED.[10]

Windsor's motion seeking to disqualify Plaintiffs' attorneys from further representing Plaintiffs in this action [Doc. 412] cites no applicable legal authority for the Court to take such action,[11] and is therefore DENIED. Windsor's motion requesting the

---

[9] As a result, Windsor's motion for leave to file a supplemental reply [Doc. 528] in support of one of his now-denied motions to strike Plaintiffs' responses is DISMISSED AS MOOT.

[10] Plaintiffs' motion to strike Windsor's motion for waiver of the corporate-counsel rule [Doc. 694], and Plaintiffs' motion for leave of the Court permitting their motion to strike to exceed the Local Rules' page limit [Doc. 693] are both DISMISSED AS MOOT.

[11] Citations in the motion to Rule 11, which has no disqualification provision, and Georgia Rule of Professional

"judicial intervention" of the chief judges of the Northern District of Georgia and the Eleventh Circuit Court of Appeals, the Chief Justice of the United States Supreme Court, the United States Attorney General, and the chairmen of the United States Senate and House Committees on the Judiciary [Doc. 569] in this matter cites no legal authority for the Court to take the actions requested, and is DENIED. Similarly, Windsor's motion requesting that the undersigned produce documents requested in a previously-served subpoena, and that the undersigned hold herself in contempt of court [Doc. 675] cites no applicable legal authority for the Court to take such actions and is, therefore, DENIED.[12] Windsor's "Emergency Motion to Clear the Docket of This Court" [Doc. 702] cites no legal authority for the Court to take the action requested and is, therefore, DENIED.

Finally, Windsor has filed a motion requesting that the Court lift the seal under which Plaintiffs filed various documents on February 15, 2007 [Doc. 561]. The Court issued an order permitting Plaintiffs to file these documents under seal [Doc. 167], and the Court has already denied Windsor's previous motion to compel Plaintiffs and the Court to produce these documents by lifting the seal [Doc. 209]. Final judgment having been entered in this case,

---

Conduct 1.7(a), which the Court may not itself employ to disqualify attorneys from appearing before it, do not provide valid legal authority for Plaintiffs' attorneys' disqualification.

[12] Having denied Windsor's motion to compel and motion for the undersigned to hold herself in contempt of court [Doc. 675], Plaintiffs' motion to join in the undersigned's response in opposition to Windsor's motion [Doc. 705] is DISMISSED AS MOOT.

the reasons for denying Windsor's request to lift the seal and produce these documents are only magnified. Windsor's motion requesting that the Court lift the seal and produce the documents filed by Plaintiffs over two years ago [Doc. 561] is DENIED.

B. Verified Complaint of Professional Misconduct

Pursuant to Local Rule 83.1(F), Windsor has filed a Verified Complaint of Professional Misconduct against Plaintiffs' attorneys and the undersigned,[13] alleging various forms of misconduct by this group, which he collectively refers to as "the Conspirators" [Doc. 474 at 1]. Local Rule 83.1(F)(2)(a) permits the district judge to whom a litigant or attorney directs a complaint of professional misconduct to terminate the inquiry if "the question raised is unsupported or insubstantial." See also ChemFree Corp. v. J. Walter, Inc., Civil Case No. 1:04-CV-3711-JTC, 2008 WL 5234252, at *3 (N.D. Ga. June 11, 2008) ("If the questions raised in the complaint [of professional misconduct] are unsupported or unsubstantiated, the judge may simply terminate the inquiry.").

The Court concludes that the questions raised by Windsor's Verified Complaint of Professional Misconduct are unsupported and unsubstantiated by any credible evidence, and thus terminates its inquiry into Plaintiffs' attorneys' conduct, as it may pursuant to Local Rule 83.1(F)(2)(a). Windsor uses the Verified Complaint of Professional Misconduct to aim his oft-repeated, caustic remarks at Plaintiffs' attorneys, the undersigned, and various members of

---

[13] Windsor cites no authority for the proposition that the Local Rules permit the assertion of a complaint of professional misconduct against the district judge to whom the complaint has been directed.

the federal judiciary in Atlanta. Unsubstantiated invective aside, Windsor's complaints of misconduct have been raised, addressed, and denied on their merits repeatedly—by this Court and others. Employing the discretion granted by Local Rule 83.1(F)(2)(a), the Court terminates its inquiry into the conduct of Plaintiffs' attorneys and refuses to refer this matter to the State Disciplinary Board of the State Bar of Georgia. Windsor's Verified Complaint of Professional Misconduct [Doc. 474] is DISMISSED. Windsor's ancillary motions seeking discovery and sanctions pursuant to the Verified Complaint of Professional Misconduct [Doc. 468 & 472] are DISMISSED AS MOOT.

C. Plaintiffs' Pending Motions

Plaintiffs have nineteen motions currently pending in this case, seven of which the Court has already dismissed as moot. The Court will address an additional eleven of those motions here, leaving Plaintiffs' motion to permanently enjoin Windsor, and those acting in concert with him or at his behest, from filing any future pleadings or papers [Doc. 458] for Part II.D of this Order.

Plaintiffs have filed motions to strike ten replies filed by Windsor in support of ten of his motions for substantive relief.[14] As the Court has denied or dismissed as moot those ten motions, the Court need not consider Plaintiffs' motions to strike Windsor's replies in support thereof. As a result, Plaintiffs' motions to strike Windsor's replies [Doc. 619-624 & 695-698] are

---

[14] Namely, Windsor's motions located at Docket Numbers 547, 561, 563, 567, 569, 571, 590, 592, 594, and 602.

DISMISSED AS MOOT.[15] Plaintiffs have also filed a motion to strike Windsor's second motion to modify the injunction in this case. As the Court has now dismissed that motion as moot, the Court need not consider Plaintiffs' motion to strike Windsor's motion. Thus, Plaintiffs' motion to strike Windsor's second motion to modify the injunction in this case [Doc. 626] is DISMISSED AS MOOT.[16]

D. Injunction

The foregoing dispositions of Windsor's motions and Verified Complaint of Professional Misconduct presuppose that the Court possesses the authority to address those motions at all. This is, of course, a closed case that the Court has previously refused to reopen or otherwise reconsider. Windsor signed the Consent Final Order and Judgment over a year ago, indicating his agreement that the case was "closed[,] all issues having been decided" [Doc. 354 at 4]. The Court of Appeals sua sponte dismissed Windsor's appeal of this Court's order declining to reopen the case, characterizing the appeal as frivolous.

Yet Windsor has persisted in filing dozens of motions, accompanied by thousands of pages in support thereof, seeking relief from this Court, despite the final disposition of this case

---

[15] In turn, the Court dismisses six of Windsor's pending motions, which request that the Court strike Plaintiffs' motions to strike his replies. Windsor's motions to strike six of Plaintiffs' now-dismissed motions to strike [Doc. 646, 649, 652, 655, 658, & 661] are DISMISSED AS MOOT.

[16] Also, because Windsor's second motion to modify the injunction has been dismissed as moot, the Court need not consider Windsor's motion to strike Plaintiffs' response to that motion. Thus, Windsor's motion to strike Plaintiffs' response [Doc. 678] is DISMISSED AS MOOT.

by consent of the parties in the Consent Final Order and Judgment. Nothing in the record suggests that, absent extraordinary steps taken to stem Windsor's excessive litigiousness, he will cease his demands on the Court's, Plaintiffs', and Plaintiffs' counsel's time and resources in this closed case.[17]

Plaintiffs move the Court to permanently enjoin Windsor

> and any other persons acting at his behest or in concert with him . . . from filing any other pleadings in Civil Action No. 1:06-CV-0714-ODE and Civil Action No. 1:09-CV-1543-WSD . . . and . . . from filing in any federal court any pleadings against [Plaintiffs] and any of [their] affiliates unless (1) it involves claims not arising from the same factual predicate or nucleus of operative facts as those alleged in Civil Action No. 1:06-CV-0714-ODE and Civil Action No. 1:09-CV-1543-WSD and (2) has attached a written order from a judge of this Court confirming that the action is not frivolous.

[Doc. 458 at 18].

This Court indisputably possesses "both the inherent power and the constitutional obligation to protect [its] jurisdiction from conduct which impairs [its] ability to carry out Article III functions." Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986). Specifically, "[t]he court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." Id. at 1074. A litigant who abuses the federal judiciary "can be severely restricted as to what he may file and how he must behave in his applications for judicial

[17] Indeed, Windsor has repeatedly asserted that he "plans to file everything that seems to be allowed under the rules and the law until a hearing is held" [Doc. 669 at 11] and that he "intends to continue to file motions for hearings and conferences on a regular basis" [Doc. 663 at 4].

relief. He just cannot be completely foreclosed from *any* access to the court." Id.

In addition, the All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "In allowing courts to protect their 'respective jurisdictions,' the [All Writs] Act allows them to safeguard . . . ongoing proceedings . . . as well as already-issued orders and judgments." Klay v. United HealthGroup, Inc., 376 F.3d 1092, 1099 (11th Cir. 2004).[18] A party seeking an injunction under the All Writs Act, and by analogy a court fashioning relief under that statute, "must simply point to some ongoing proceeding, or some past order or judgment, the integrity

[18] See also United States v. New York Tel. Co., 434 U.S. 159, 171 (1977) (noting that the Supreme Court has "repeatedly recognized the power of a federal court to issue such commands under the All Writs Act as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained"); Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1295 n.15 (11th Cir. 2002) ("The court's power to protect its jurisdiction includes the power to enjoin a dissatisfied party bent on re-litigating claims that were (or could have been) previously litigated before the court from filing in both judicial and non-judicial forums, as long as the injunction does not completely foreclose a litigant from any access to the courts."); Del Pino v. AT&T Info. Sys., Inc., 921 F. Supp. 761, 765 (S.D. Fla. 1996) ("Under the All-Writs Act, 28 U.S.C. § 1651, this Court has the power to enjoin Plaintiff . . . from relitigating claims that were or could have been decided by this Court in order to protect and effectuate this Court's Final Judgment.").

of which is being threatened by someone else's action or behavior." Id. at 1100.

Windsor's persistently litigious behavior undermines the integrity of the Consent Final Order and Judgment submitted by the parties and signed by the Court in this case, as well as the other orders thus far issued by the Court, through repeated unsubstantiated collateral attacks, procedurally improper post-judgment motions, and increasingly bitter rhetoric. Windsor's continued filing of frivolous, improper post-judgment motions also continues to subject Plaintiffs to needless trouble and expense.

Accordingly, taking into account that this is a closed case, Windsor, and any parties acting in concert with him or at his behest, are therefore PERMANENTLY ENJOINED from filing any further motion, pleading, or other paper in Civil Action No. 1:06-CV-0714-ODE. Regarding Civil Action No. 1:09-CV-1543-WSD, the undersigned will take no action on Plaintiffs' injunctive request, because that case is an open matter which is assigned to Judge Duffey.

Finally, Windsor is ORDERED not to file in *any* court any new lawsuit which involves claims arising from the same factual predicate or nucleus of operative facts as the instant case. These claims would be barred by the doctrine of res judicata. The filing of such claims would serve no purpose except to harass Plaintiffs, and would probably result in sanctions against Windsor.

III. Conclusion

The Court has carefully considered the parties' submissions. As this remains a closed case, and for the additional reasons stated above, all of Windsor's currently-pending motions are DISMISSED. Windsor's Verified Complaint of Professional Misconduct

[Doc. 474] is DISMISSED. All of Plaintiffs' motions [Doc. 619-624, 626, 681-684, 693-698] are DISMISSED, except for Plaintiffs' motion to enjoin Windsor and those acting in conjunction with him from filing further pleadings in this and other courts [Doc. 458], which is GRANTED IN PART and DENIED IN PART.

Windsor, and any parties acting in concert with him or at his behest, are PERMANENTLY ENJOINED from filing any motion, pleading, or other paper in Civil Action No. 1:06-CV-0714-ODE. Additionally, Windsor is ORDERED not to file in any court any new lawsuit involving claims arising from the same factual predicate or nucleus of operative facts as the instant case.

SO ORDERED, this 22 day of December, 2009.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE